Chase A. Adams (#15080)
STEELE ADAMS HOSMAN PLLC
6713 South 1300 East
Cottonwood Heights, Utah 84121
Telephone: (801) 816-3999
chase@sahlegal.com

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NATHANIEL BOYKIN-REED, <br><br>     Plaintiff, <br><br>     vs. <br><br> LVNV FUNDING LLC; and TRANSUNION LLC, <br><br>     Defendants. | Case Number: <br><br> **DEFENDANT LVNV FUNDING LLC'S NOTICE OF REMOVAL** <br><br> *[Removal from the Provo Justice Court of Utah, Fourth Judicial District, Utah County, Case No. 268000598]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH:**

**PLEASE TAKE NOTICE** that LVNV Funding LLC ("Defendant") hereby removes the action described below from the Provo Justice Court of Utah, Fourth Judicial District, Utah County ("State Court"), to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1331 and 1446. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1446 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. In support of this Notice of Removal, Defendant states as follows:

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331**

United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case

Page 1 of 4

meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

On March 27, 2026, Plaintiff Nathaniel Boykin-Reed ("Plaintiff") filed the State Court Complaint, entitled *Nathaniel Boykin-Reed v. LVNV Funding LLC, et al.*, in Provo Justice Court of Utah, Fourth Judicial District, Utah County, bearing Case No. 268000598. On March 30, 2026, Defendant was served with a copy of the Summons and Complaint. A true and correct copy of the Complaint and Summons are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

In the Complaint, Plaintiff alleges, among other things, that Defendant failed to conduct a reasonable investigation of Plaintiff's disputes, and verified the debt without providing proof. *See* Complaint, ¶ 2. Based on these allegations, Plaintiff asserts that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

Because this action arises under federal law (the FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over any state law claims Plaintiff asserts, which form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Specifically, like Plaintiff's FCRA claim, any state law claims are also based on Defendant's alleged credit reporting and verification of the subject account. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1446.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On March 27, 2026, Plaintiff filed this action in the Provo Justice Court of Utah, Fourth Judicial District, Utah County. On March 30, 2026, Defendant was served with a copy of the Summons and Complaint. *See* **Exhibits A, B, and C**.

In accordance with 28 U.S.C. § 1446(b), Defendant filed this removal action within 30 days from the time Defendant had notice that the action was removable, and less than a year after

the commencement of the action.  The removal is, therefore, timely.

Further, Defendant Transunion LLC has consented to this removal.

The Provo Justice Court of Utah, Fourth Judicial District, Utah County, is located within the United States District Court for the District of Utah.  *See* 28 U.S.C. § 125(2).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. §1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached to the notice.

No previous application has been made for the relief requested herein.

## III. CERTIFICATION OF FILING OF STATE COURT PROCESS, PLEADINGS, AND ORDERS

Pursuant to DUCivR 81-2(a)(1)(C) and 28 U.S.C. § 1446(a), Defendant certifies that true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court action are filed with this Notice of Removal as required by DUCivR 81-2 and 28 U.S.C. § 1446(a), and as permitted by 28 U.S.C. § 1447.  Specifically, attached hereto are: (i) the Complaint, as Exhibit A; (ii) the State Court docket, as Exhibit B; and (iii) all other process and pleadings served upon or filed by Defendant in the State Court action—namely, the Return of Summons and Notice of Appearance—as Exhibit C.  Defendant is not aware of any orders having been entered or served in the State Court action prior to removal.

**WHEREFORE**, Defendant respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1331 and 1446.

Dated this 29ᵗʰ day of April 2026

STEELE ADAMS HOSMAN

/s/Chase A. Adams_____
Chase A. Adams
Attorney for Defendant

**<u>Certificate of Service</u>**

I hereby certify that on April 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

N/A

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Nathaniel Boykin-Reed
1677 Hickory Ln.
Provo, UT 84604
Email:  Ninbr01@hotmail.com

_/s/Chase A Adams_____